1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES LIABILITY                     No. 2:18-cv-02729-TLN-AC
     INSURANCE COMPANY, a Pennsylvania
12   corporation,

13                  Plaintiff,                    **ORDER**

14          v.

15   ROGER JOHNSTON, an individual; KIRK
     JOHNSTON, an individual; and DOES 1–
16   10, inclusive,

17                  Defendants.

18

19          This matter is before the Court on an objection filed by Defendants Roger Johnston and

20   Kirk Johnston (collectively, "Defendants") in response to a bill of costs filed by Plaintiff United

21   States Liability Insurance Company ("Plaintiff").  (ECF No. 32.)  For the reasons set forth below,

22   Defendants' objection is hereby SUSTAINED.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                                  1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2021, this Court entered an Order granting Plaintiff's Motion for

Summary Judgment.  (ECF No. 28.)  On September 27, 2021, Plaintiff submitted a bill of costs

for $960.96, attributed to the fees of the Clerk ($400), fees for service of summons and subpoena

($548.50), and other miscellaneous mailing costs ($12.46).  (ECF No. 30 at 1, 5.)  Plaintiff has

attached the invoice from Nationwide Legal for $548.50 to effect service of summons on

Defendants' counsel on November 15, 2018.  (*Id.* at 4.)  Defendants object to Plaintiff's bill of

costs, arguing the fees for service of summons and subpoena — $548.50 — exceed the amount

allowable under Local Rule 292(f)(2).  (ECF No. 32 at 2–3.)

## II.     STANDARD OF LAW

Under Federal Rule of Civil Procedure ("Rule") 54(d)(1), the prevailing party in a lawsuit

may recover its costs, other than attorney's fees, "[u]nless a federal statute, these rules, or a court

order provides otherwise."  Fed. R. Civ. P. 54(d)(1).  "By its terms, the rule creates a presumption

in favor of awarding costs to a prevailing party, but vests in the [Court] discretion to refuse to

award costs."  *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir.

2000).  If the Court declines to award costs to the prevailing party, the Court must "specify

reasons" for denying costs.  *Id.*  However, the Court need not "specify reasons for its decision to

abide [by] the presumption and tax costs to the losing party."  *Save Our Valley v. Sound Transit*,

335 F.3d 932, 945 (9th Cir. 2003).

## III.     ANALYSIS

Local Rule 292(f)(2) allows for the taxation of fees paid to a private process server, but

only "to the extent they do not exceed the amount allowable for the same service by the Marshal."

E.D. Cal. L.R. 292(f)(2).  The party seeking fees for private service of process must demonstrate

the fees requested do not exceed the Marshal's fees for the same service.  *Robinson v. Kia Motors*

*Am., Inc.*, No. 2:10-cv-03187-SOM, 2016 WL 4474505, at *2 (E.D. Cal. Aug. 25, 2016); *Davis v.*

*Hollins Law*, No. CIV S-12-3107 LKK/AC, 2014 WL 2875778, at *3 (E.D. Cal. June 24,

2014); *Gregory v. Allied Prop. & Cas. Ins. Co.*, No. CIV S-10-1872 KJM EF, 2013 WL 949529,

at *1 (E.D. Cal. Mar. 11, 2013).  At the time of service in the instant case, the Marshal charged

1    $65 per hour for personal service, with additional fees for travel and mileage.  28 C.F.R. §§

2    0.114(a)(3), (c).

3           As previously noted, Plaintiff's bill of costs includes $548.50 paid to a private process

4    server to serve summons on Defendants' counsel.  (ECF No. 30 at 4.)  Defendants object to that

5    portion of Plaintiff's bill of costs, arguing the costs should not exceed $76.11, which reflects no

6    more than one hour of preparation time to effect service ($65.00 in time charges) and travel

7    should not have exceeded 20.2 miles ($11.11).  (ECF No. 32 at 3.)  Defendants therefore request

8    $472.39 to be deducted from Plaintiff's bill of costs, resulting in a sum of $76.11 to be awarded to

9    Plaintiff for fees for service of summons and subpoena.  (*Id.*)  Although Plaintiff has provided

10   receipts documenting what it paid for private service, it has provided no documentation indicating

11   the length of time or mileage necessary to effect that service.  (*See* ECF No. 30.)  Consequently,

12   the Court is unable to calculate what the Marshal would have charged for the same service and

13   Plaintiff has not demonstrated its entitlement to the fee.  *See Robinson*, 2016 WL 4474505, at *2;

14   *Davis*, 2014 WL 2875778, at *3; *Gregory*, 2013 WL 949529, at *1.  Defendant's objection to the

15   $548.50 fee for private service of process is hereby SUSTAINED.  Plaintiff's bill of costs, less

16   the $472.39, comes to $76.11.

17           **IV.    CONCLUSION**

18           For the foregoing reasons, Defendants' objection to Plaintiff's bill of costs (ECF No. 32)

19   is SUSTAINED.  In accordance with this Order, Plaintiff's bill of costs is hereby amended,

20   decreasing the costs awarded to Plaintiffs to $76.11.

21           IT IS SO ORDERED.

22   Date:  October 19, 2021

23

24

25           Troy L. Nunley
             United States District Judge
26

27

28

                                            3