UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>             Plaintiff,<br><br>   v.<br><br>ROGER JOHNSTON, an individual; KIRK JOHNSTON, an individual; and DOES 1–10, inclusive,<br><br>             Defendants. | No. 2:18-cv-02729-TLN-AC<br><br>**ORDER** |

      This matter is before the Court on Plaintiff United States Liability Insurance Company's ("Plaintiff") Motion to Correct the Judgment. (ECF No. 31.) Defendants Roger Johnston and Kirk Johnston (collectively, "Defendants") have submitted an opposition. (ECF No. 33.) Plaintiff has filed a reply. (ECF No. 38.) For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2021, the Court entered an Order granting Plaintiff's Motion for Summary Judgment. (ECF No. 28.) In this Order, the Court ordered Defendants to reimburse Plaintiff for all fees and costs Plaintiff has incurred to defend them in a current action in Sacramento County Superior Court — *Broadway, et al. v. Johnston, et al.*, No. 34-2017-00205761-CU-PO-GDS (the "Underlying Action"). (*Id.* at 12.) On September 30, 2021, Plaintiff filed the instant motion to correct the judgment, requesting the Court specify that Defendants are ordered to pay Plaintiff $32,006.42 in defense fees and costs. (*See* ECF No. 31.) On October 14, 2021, Defendants filed an opposition (ECF No. 33), and on October 21, 2021, Plaintiff filed a reply (ECF No. 38).

## II.   STANDARD OF LAW

The Court may grant reconsideration under Federal Rules of Civil Procedure ("Rules" or "Rule") 59(e) and 60. Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the Court's own motion and at any time. *See* Fed. R. Civ. P. 60(a). Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ. P. 60(b)(1)–(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(4)–(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

///

///

### III. ANALYSIS

In its motion to correct the judgment, Plaintiff argues the Court has authority under Rule 60(a) to correct the judgment to specify the amount of defense fees and costs Defendants are required to pay Plaintiff for their defense in the Underlying Action. (ECF No. 31 at 5–7.) Plaintiff has submitted with its motion the declaration of its Liability Claims Examiner, Eileen Zacckey ("Zacckey"), who was assigned to handle the claim for coverage submitted to Plaintiff by Defendants. (ECF No. 31-2.) Zacckey notes in her declaration that she received, reviewed, and approved for payment the invoices of Johnson Schachter & Lewis, a law firm retained by Plaintiff to defend Defendants in the Underlying Action. (*Id.* at 2.) Zacckey has attached as Exhibits 1 through 10 of her declaration copies of payments to Johnson Schachter & Lewis for attorney's fees and costs incurred by Plaintiff to defend the Underlying Action.[1] (*Id.* at 5–34.) Zacckey notes the sum of the payments made by Plaintiff to Johnson Schachter & Lewis to defend the Underlying Action is $32,006.42. (*Id.* at 4.)

In opposition, Defendants assert "the reasonableness of the defense bills for which [Plaintiff] now seeks reimbursement is a question of fact" that must be decided by a jury.[2] (ECF No. 33 at 3–4 (citing *State Farm Mut. Auto. Ins. Co. v. Superior Ct.*, 47 Cal. 2d 428, 431 (1956); *Entin v. Superior Ct.*, 208 Cal. App. 4th 770, 781–82 n.6 (2012)).) Defendants contend Zacckey's identification of invoices and her statement that she paid the invoices are insufficient because the invoices themselves are not before the Court, there is no evidence to show what defense was actually provided for $32,006.42, and retained counsel did not advise "his insured client of proceedings undertaken on their behalf." (*Id.* at 2–3.)

---

[1] Payments were made on the following dates: $3,772.30 on January 23, 2019 (ECF No. 31-2 at 6); $5,114.20 on March 29, 2019 (*id.* at 9); $1,212.53 on January 10, 2020 (*id.* at 13); $2,799.50, $12,558.63, and $4,674.36 on March 1, 2021 (*id.* at 16, 19, 22); $367.00 on May 5, 2021 (*id.* at 25); $1,274.70, $36.00, and $197.20 on July 1, 2021 (*id.* at 28, 31, 34).

[2] Defendants also maintain that the role of the Court in declaratory relief actions is confined to a declaration of the coverage. (ECF No. 33 at 4 (citing *Aitchison v. Founders Ins. Co.*, 166 Cal. App. 2d 432, 439 (1958); *Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 659 n.9 (1995)).) These cases are not analogous to the instant case and are contrary to existing authority.

In reply, Plaintiff argues its right to seek reimbursement "is an equitable remedy which the insurer is entitled to recover as restitution." (ECF No. 38 at 3 (citing *Buss v. Superior Ct.*, 16 Cal. 4th 35, 50–52 (1997)).) Plaintiff maintains accordingly that "an insurer has no burden to show that the underlying defense fees and costs were reasonable, and instead must only establish that the fees and costs were actually incurred." (*Id.* at 4 (citing *Century Sur. Co. v. 350 W.A., LLC* (*Century*), No. 05-CV-1548-L(LSP), 2008 WL 4402919, at *4–5 (S.D. Cal. Sept. 26, 2008)).)

"California law clearly allows insurers to be reimbursed for attorney's fees and other expenses paid in defending insureds against claims for which there was no obligation to defend." *Atl. Cas. Ins. Co. v. Crum*, 364 F. Supp. 3d 1123, 1137 (E.D. Cal. 2019) (quoting *Buss*, 16 Cal. 4th at 50). The California Supreme Court has expressly stated that an insurer "may unilaterally condition its proffer of a defense upon its reservation of a right later to seek reimbursement of costs advanced to defend claims that are not, and never were, potentially covered by the relevant policy." *Scottsdale Ins. Co. v. MV Transp.* (*Scottsdale*), 36 Cal. 4th 643, 656 (2005). Such an offer from the insurer provides the insured with the option of either accepting the insurer's defense terms or assuming and controlling its own defense. *Id.* Other courts in this district have found insurance companies may be awarded a reimbursement of costs they advanced to defend claims in state court. *See Travelers Indem. Co. of Am. v. SFA Design Group, LLC*, No. 2:16-cv-1238-MCE-KJN, 2018 WL 1466559, at *4–5 (E.D. Cal. Mar. 26, 2018) (finding plaintiff insurance company entitled to an equitable reimbursement for costs associated with retaining defense counsel for an underlying state court action); *Northfield Ins. Co. v. Garcia*, No. 1:15-cv-01701-DAD-SKO, 2016 WL 2625934, at *6 (E.D. Cal. May 9, 2016) (recommending plaintiff insurance company's request for a judgment declaring it is entitled to reimbursement of defense fees and costs it paid to defend the underlying state court action be granted), *report and recommendation adopted*, No. 1:15-cv-01701-DAD-SKO, 2016 WL 8650137 (E.D. Cal. July 22, 2016); *Atl. Cas. Ins. Co.*, 364 F. Supp. 3d at 1137 (finding plaintiff insurance company "entitled to reimbursement for all sums reasonably incurred" in defending the underlying state court action).

///

1     The *Century* court has concluded the California Supreme Court's language in *Scottsdale*
2 — that when courts find no coverage and no duty to defend, an insurer that has reserved its right
3 to reimbursement may recover the costs it expended — "does not require a showing that
4 reimbursement is subject to a reasonableness standard." *Century*, 2008 WL 4402919, at *5
5 (citing *Scottsdale*, 36 Cal. 4th at 658). Another district court within the Ninth Circuit noted that
6 "[u]nder California law, where an insurer fails to defend, the insured may be reimbursed costs
7 which were reasonable and necessary to minimize liability." *Atain Specialty Ins. Co. v. JKT*
8 *Assocs., Inc.*, 2020 WL 6797027, at *2 (N.D. Cal. Aug. 3, 2020). The *Atain* court suggests,
9 however, that this may not be applicable in a situation where "the insurer defends the insured but
10 then later establishes as a matter of law that no duty to defend ever arose." *Id.* The *Atain* court
11 noted the decision in *Century*, but did not come to any conclusion to the contrary as the defendant
12 failed to make any showing that the insurance company's requested costs should be limited. *Id.*
13     Here, unlike *Atain*, Defendants contend there is a lack of evidence to show what defense
14 they were afforded in the Underlying Action and also point out that a review of the Sacramento
15 County Superior Court docket for the Underlying Action reflects the following filings: an answer
16 and a stipulated motion to continue trial (with a seven-page memorandum of points and
17 authorities and an eight-page declaration). (ECF No. 33 at 2–3.). However, in light of *Century*
18 and a lack of binding authority to the contrary, Defendants have not persuaded the Court that
19 Plaintiff must demonstrate its reimbursement is subject to a reasonableness standard.
20 Accordingly, Zacckey's declaration adequately documents that Plaintiff paid out a total of
21 $32,006.42 to retain Johnson Schachter & Lewis as defense counsel in the Underlying Action.
22 The Court concludes Plaintiff has demonstrated with admissible evidence that it expended
23 $32,006.42 in its defense of the Underlying Action.
24 ///
25 ///
26 ///
27 ///
28 ///

### IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Correct the Judgment. (ECF No. 31.) Defendants are ordered to reimburse Plaintiff $32,006.42 for all fees and costs Plaintiff has incurred to defend them in the Underlying Action.

IT IS SO ORDERED.

Date: November 4, 2021

Troy L. Nunley
United States District Judge